IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ENGINEERS JOINT WELFARE FUND, *et al.*,

        Plaintiffs

    vs.

WESTERN NEW YORK CONTRACTORS,
  INC., *et al.*,

        Defendants.

_____

Civ. Action No.
5:09-CV-0417 (GTS/DEP)

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFFS:

BLITMAN, KING LAW FIRM           JENNIFER A. CLARK, ESQ.
Franklin Center
443 North Franklin Street
Suite 300
Syracuse, NY 13204-1415

FOR DEFENDANT WESTERN
NEW YORK CONTRACTORS:

[NO APPEARANCE]

FOR DEFENDANT ROBERT
A. VALERINO

ROBERT A. VALERINO, *Pro Se*
26 Sanfilippo Circle
Rochester, NY 14625

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

The plaintiffs in this action, fiduciaries of employee pension and welfare benefit plans subject to coverage under the Employee Retirement Income Retirement Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*, have commenced this action seeking to recover unpaid contributions, as well as other ancillary relief, based upon defendants' failure to make required contributions to the plans on behalf of covered plan participants. Since commencement of the action, both plaintiffs and the court have endeavored, without significant success, to secure defendants' cooperation in the litigation. Based upon that lack of cooperation, and specifically defendants' failure to properly respond to discovery requests propounded in the action, plaintiffs now seek an order striking the answer of the individual defendant Robert A. Valerino, and permitting them to seek default judgment as against that party.[1]

Having carefully considered the record in this case, which chronicles defendant Valerino's failure to participate in the litigation process, and in

---

[1] As will be seen, the litigation against the corporate defendant, Western New York Contractors, Inc., is stayed as a result of a pending bankruptcy proceeding in the Western District of New York.

light of his consent to the relief now sought, I recommend that his answer be stricken and that the clerk be asked to enter his default in the action.

I.      BACKGROUND

Plaintiffs commenced this action on April 8, 2009.  Dkt. No. 1.  Issue was thereafter joined by the filing of an answer on May 5, 2009 on behalf of both defendants, who at the time were represented by Gary Valerino, Esq.  Dkt. No. 7.

A telephone conference was conducted by the court in connection with the action on August 26, 2009, precipitated by a letter from Attorney Valerino requesting permission to withdraw as defendants' counsel of record.  *See* Dkt. No. 8.  During that conference the court was informed that defendant Western New York Contractors, Inc. filed bankruptcy in the Western District of New York on June 6, 2009, but that plaintiffs have since secured an order from the bankruptcy court permitting discovery to go forward in this action notwithstanding that development.  The court was also made aware of a separate but similar action brought in this district by other ERISA plan fiduciaries against the defendants, entitled *Oswego Laborer's Local 214 Pension & Annuity Funds, et al. v. Western New York*

*Contractors, Inc.,* Civil Action No. 5:08-CV-0484 (NAM/GHL).[2]

By order issued on August 28, 2009, I granted attorney Valerino's request to withdraw as counsel of record for both defendants in this action and directed that the court be provided with addresses and telephone numbers for use in contacting the two defendants. Dkt. No. 13. In that order, *inter alia*, I also stayed the action as against defendant Western New York Contractors, Inc., without prejudice to the right of plaintiffs to seek pretrial discovery from that party, as authorized by the bankruptcy court, and directed defendant Robert Valerino to appear in person at a conference to be held pursuant to Rule 16 of the Federal Rules of Civil Procedure in Syracuse, New York. *Id.*

The scheduled in-person Rule 16 conference was subsequently held on September 9, 2009. Appearing on behalf of the defendants were defendant Robert Valerino and Ralph Horton, Esq., an attorney who normally practices in the Western District of New York and is neither a member of the bar of this court nor an attorney of record for either defendant in the action. At the close of that conference the parties were

---

[2] A review of the docket sheet in that action reveals similar failures of defendant Valerino to follow court directives and comply with legitimate discovery demands, resulting in his answer being stricken and the filing of a motion for default judgment by the plaintiffs in that action.

directed to participate in a follow-up telephone conference scheduled for December 8, 2009 at 3:30 pm, and a case management order setting forth deadline dates agreed upon during the conference was subsequently issued. *See* 9/3/09 Text Minute Entry and Text Notice, Dkt. No. 16.

On December 8, 2009 plaintiffs' attorney, Jennifer Clark, Esq., who was directed to initiate the conference call scheduled for that date, informed the court that she was unable to reach Robert Valerino for purposes of the conference. Accordingly, the court issued a text order dated December 16, 2009 directing that Mr. Valerino appear for an in-person conference to be held on December 23, 2009 at 9:30 a.m. and advising that in the event of his failure to appear Valerino's answer would be stricken and default judgment would be entered against him. *See* 12/16/09 Text Order. A copy of that text order was served by mail upon defendant Robert Valerino.

In advance of the scheduled in-person conference a letter was sent by Attorney Horton, purporting to act on behalf of defendant Robert Valerino, addressed to the court, advising that although his client believed he has now fully responded to plaintiffs' discovery demands, he nonetheless has decided not to continue defending in the action and

instead to allow a default judgment to be entered against him.  Attached to that letter was a document entitled "stipulation of default" signed on December 21, 2009 by Robert Valerino, and notarized before Attorney Horton.[3]  There was no appearance by or behalf of the defendant at the December 23, 2009 conference.

II.     DISCUSSION

A party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences.  *Hall v. Flynn*, 829 F.Supp. 1401, 1403 (N.D.N.Y. 1993) (citations omitted); *see also New York v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999) (citing *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996)).  The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate other relief.  *Hall*, 829 F.Supp. at 1403; *see also Doyle v. Anderson,* No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, *inter alia*, to appear for scheduled status

---

[3] Although the court had not received that communication at the time of the scheduled conference, a copy was provided to the court by plaintiffs' counsel, and the letter and attachments have since been filed.  *See* Dkt. No. 19.

6

conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D.N. Scheindlin, M.J.) (dismissing complaint based upon plaintiff's failure to prosecute the action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for a status conference scheduled by the court). The power of a court to strike a party's pleading is inherent, and may be exercised *sua sponte*. See *Hall*, 829 F. Supp. at 1403.[4]

In this instance the court was prepared, of its own initiative, to recommend that the answer of defendant Robert Valerino be stricken and his default entered by the clerk. During the scheduled conference plaintiffs sought that relief and predicated the request upon defendant's failure to provide complete discovery.

There appears to be some dispute, based on representations set forth in Attorney Horton's recent letter, as to whether or not defendant

---

[4] Additionally, "Rule 37 empowers a court to sanction a party for failure to comply with a discovery order." *Gissinger*, 2006 WL 132697, at *3; *see also*, Fed. R. Civ. P. 37(b)(2). Such sanctions include the striking of pleadings, a remedy well recognized as a severe and one reserved for willful, bad faith or otherwise culpable conduct. *Id.* (quoting *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988); *see also Conway v. Dunbar*, 121 F.R.D. 211, 213-14 (S.D.N.Y. 1988) (citing cases).

Valerino has now fully complied with plaintiffs' discovery requests.  I find no need to address and resolve this dispute, however, in light of defendant Valerino's failure to participate in the December 8, 2009 telephone conference and to appear in person on December 23, 2009, as directed, which together provide ample basis for striking defendant Valerino's answer.  *Online Benefits, Inc. v. Benefits Tech. Group, Inc.*, No. 2:05CV04748EMV-MLO, 2006 WL 380388 (E.D.N.Y. Dec. 21, 2006); *see also Gissinger v. Yung*, Nos. 04-CV-534 (CBA)(JO), 04-CV-5406 (CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16, 2006).  That relief particularly appropriate in this case in view of defendant Valerino's sworn statement, apparently signed after consulting with counsel, indicating his agreement to the court entering his default and awarding default judgment.

III.    SUMMARY AND RECOMMENDATION

In light of Robert Valerino's failure to participate in required court conferences, and based upon his consent to that relief, it is hereby respectfully,

RECOMMENDED that defendant Robert Valerino's answer (Dkt. No. 7) to plaintiffs' complaint in this action be stricken, and that the court clerk

be respectfully requested to enter his default, and that plaintiffs thereafter be permitted to file a motion for default judgment against that defendant.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

_/s/ David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

Dated:   January 4, 2010
         Syracuse, NY