UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ENGINEERS JOINT WELFARE FUND, by Daniel P. Harrigan,
as Adm'r; ENGINEERS JOINT PENSION FUND, by
Daniel P. Harrigan, as Adm'r; ENGINEERS JOINT
SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, by
Daniel P. Harrigan, as Adm'r; ENGINEERS JOINT
TRAINING FUND, by Daniel P. Harrigan, as Adm'r;                5:09-CV-0417
OPERATING ENGINEERS LOCAL 17 TRAINING FUND,                    (GTS/DEP)
by James Smolinski, as Adm'r; CENTRAL PENSION FUND
OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS and PARTICIPATING EMPLOYERS, by
Michael R. Fanning, as Chief Exec. Officer; INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL UNION
NO. 17, by Alan Pero, as Int'l Representative;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL UNION NO. 545, by Theron Hogle, as Bus. Manager;
and INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL UNION NO. 832, by Thomas E. Charles, as Bus. Manager,

                                        Plaintiffs,

v.

WESTERN NEW YORK CONTRACTORS, INC.; and
ROBERT A. VALERINO, Individually and as an Officer of
Western New York Contractors, Inc.,

                                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL

BLITMAN & KING LLP                              JENNIFER A. CLARK, ESQ.
   *Counsel for Plaintiffs*
443 North Franklin Street
Suite 300
Syracuse, New York 13204-1415

ROBERT A. VALERINO
   Defendant, *Pro Se*
26 Sanfilippo Circle
Rochester, New York 14625

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

The above matter comes to this Court following a Report-Recommendation by Magistrate Judge David E. Peebles, filed on January 4, 2010, recommending that (1) Defendant Robert Valerino's Answer be stricken in this action, (2) the Clerk of the Court be permitted to enter a default against this Defendant, and (3) Plaintiffs be permitted to file a motion for default judgment against this Defendant.  (Dkt. No. 20.)  Objections to the Report-Recommendation have not been filed and the time in which to do so has expired.  For the reasons set forth below, Magistrate Judge Peebles's Report-Recommendation is accepted and adopted in its entirety.

**I.   STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no objection to a portion of a report-recommendation, the

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the

2

Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.   DISCUSSION

After carefully reviewing all of the papers herein, including Magistrate Judge Peebles's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 20.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Robert Valerino's Answer (Dkt. No. 7) is **STRICKEN FROM THE RECORD**. The Clerk is directed to enter default against Defendant Robert Valerino, and Plaintiffs are permitted to file a motion for default judgment against him.

Dated: March 12, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).