UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ENGINEERS JOINT WELFARE FUND, by Daniel P.
Harrigan, as Administrator; ENGINEERS JOINT
PENSION FUND, by Daniel P. Harrigan, as
Administrator; ENGINEERS JOINT SUPPLEMENTAL
UNEMPLOYMENT FUND, by Daniel P. Harrigan, as
Administrator; ENGINEERS JOINT TRAINING FUND,
by Daniel P. Harrigan, as Administrator; OPERATING
ENGINEERS LOCAL 17 TRAINING FUND, by James
Smolinski, as Administrator; CENTRAL PENSION FUND
OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS AND PARTICIPATING EMPLOYERS, by
Michael R. Fanning, as Chief Executive Officer;
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL UNION NO. 17, by Alan Pero,
as International Representative; INTERNATIONAL
UNION OF OPERATING ENGINEERS;
LOCAL UNION NO. 545, by Theron Hogle, as Business
Manager; and INTERNATIONAL UNION OPERATING
ENGINEERS, LOCAL UNION NO. 832,
by Thomas E. Charles, as Business Manager,

         Plaintiffs,  5:09-CV-0417
               (GTS/DEP)
v.

WESTERN NEW YORK CONTRACTORS, INC.; and
ROBERT A. VALERINO, Individually and as an Officer
of Western New York Contractors, Inc.,

         Defendants,
_____

APPEARANCES:           OF COUNSEL:

BLITMAN & KING, LLP        JENNIFER A. CLARK, ESQ.
 Counsel for Plaintiffs
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, NY 13204

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently pending before the Court in this Employee Retirement Income Security Act ("ERISA") action filed by the ten above-captioned unions and union trust funds ("Plaintiffs") against Western New York Contractors, Inc. and Robert A. Valerino ("Defendants") is Plaintiffs' motion for partial default judgment. (Dkt. No. 1.) For the reasons stated below, Plaintiffs' motion is granted in part, and denied in part without prejudice.

I.   RELEVANT BACKGROUND

A.   **Plaintiffs' Complaint**

Liberally construed, Plaintiffs' Complaint asserts the following claims against Defendants: (1) violation of 29 U.S.C. §1145; (2) violation of 29 U.S.C. §1104; (3) violation of 29 U.S.C. §1106; and (4) violation of 29 U.S.C. §1109.[1] (*See generally* Dkt. No. 1.) Generally, in support of those claims, Plaintiffs' Complaint alleges as follows: (1) Defendants failed to make contributions to various union pension plans; (2) Defendants failed to timely remit contributions and deductions; (3) Defendants impermissibly used the assets and interest of Plaintiffs' fiduciaries, participants and beneficiaries; and (4) Defendants have continuously failed to comply with their obligations to Plaintiffs, despite Plaintiffs' demand for compliance. (*Id.*)

B.   **Plaintiffs' Service of Complaint and Defendants' Answer**

On April 15, 2009, Plaintiffs properly served their Complaint on each Defendant. (Dkt. No. 5, 6.) On May 8, 2009, Defendants filed an Answer to Plaintiffs' Complaint. (Dkt. No. 7.)

---

[1] In addition, Plaintiffs' Complaint seeks (1) declaratory judgment directing Defendants to produce their books and records for Plaintiffs review and audit (and pay the cost and expense of such audit including all attorneys' and paralegal fees and costs incurred in obtaining the audit), and (2) an injunction directing Defendants to perform and continue to perform their obligations to . . . [P]laintiffs. . . ." (Dkt. No. 1.)

On December 24, 2009, Defendant Valerino' attorney, Ralph Horton, filed a letter with the Court indicating, *inter alia*, that Defendant Valerino consented to the entry of default judgment against him. (Dkt. No. 19.)

### C.   Clerk's Office's Entry of Default

On January 4, 2010, Magistrate Judge David E. Peebles issued a Report-Recommendation recommending that (1) Defendant Valerino's Answer be stricken from the record, and (2) the Clerk of the Court enter default against Defendant Valerino. (Dkt. No. 20.) On March 12, 2012, this Court accepted and adopted Magistrate Judge Peebles' Report-Recommendation in its entirety. (Dkt. No. 21.) On that same day, the Clerk of the Court entered default against Defendant Valerino, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 22.)

### D.   Plaintiffs' Motion for Partial Default Judgment and Defendants' Non-Response

On March 18, 2010, Plaintiffs filed a motion for partial default judgment against Defendant Valerino, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 23.)[2] As of the date of this Decision and Order, Defendant Valerino has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of their motion for partial default judgment, Plaintiffs argue as follows: (1) a delay in allowing Plaintiffs to enforce their claim and to collect the debt may result in the debt being uncollectible; (2) Defendant Valerino, as a corporate officer and fiduciary of

---

[2] The Court notes that Plaintiffs' motion for default judgment is made with regard to the First, Second, Fourth, and Fifth Causes of Action against Defendant Valerino. The Court notes also that Defendant Western New York Contractors, Inc., filed a Chapter 7 bankruptcy proceeding, thereby staying this action against it until such time as the bankruptcy proceeding is dismissed or closed by the Bankruptcy Court. (Dkt. No. 12.) Finally, the Court notes that Bankruptcy Judge John. C. Ninfo issued an Order in the bankruptcy action declaring, among other things, that the corporate bankruptcy stay is not applicable to Defendant Valerino, individually. (*Id.*)

Defendant Western New York Contractors, Inc., is individually liable for failing to deliver contributions; (3) Defendant Valerino is contractually obligated to pay interest, liquidated damages and attorneys' fees and costs in connection with the late payment of contributions, regardless of whether those contributions are paid prior to or subsequent to commencement of a lawsuit; and (4) Plaintiffs are statutorily entitled to an award of the attorneys' fees and costs incurred in connection with the collection of the fringe benefit contributions and deductions. (Dkt. No. 23, Attach. 32.)  Familiarity with the particular grounds for Plaintiffs' motion for partial default judgment against Defendant Valerino is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . , the court may direct  entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages

4

alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III.   ANALYSIS

####    A.   Liability

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs have met their modest threshold burden of establishing entitlement to partial default judgment against Defendants on the issue of liability, under the circumstances.[3]  The Court notes that Plaintiffs' motion would survive even the heightened scrutiny appropriate on a contested motion.

---

[3]   In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. Finally, the Clerk has already entered default against Defendants, and Plaintiffs have served Defendants with their motion for the issuance of default judgment. However, Defendants have still neither responded to the motion nor appeared in this action.

For each of these alternative reasons, the Court grants Plaintiffs' motion for the issuance of partial default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

    **B.**    **Damages**

        **1.**    **Unpaid Contributions, Interest, Liquidated Damages and Audit Fees**

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs' have met their burden of establishing a valid basis for the damages they seek with regard to unpaid contributions, interest, liquidated damages and audit fees, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[4] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[5] Here, the Court has made such a finding.

---

    [4]    *See* Fed. R. Civ. P. 55(b).

    [5]    *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

For example, in support of their damages request, Plaintiffs have provided ten (10) affidavits and twenty-one (21) exhibits showing that Defendants are indebted to Plaintiffs in the sum of $122,900.69. More specifically, this sum consists of $21,162.62 in fringe benefit contributions, $38,241.27 in interest (through March 31, 2010), $56,970.65 in liquidated damages, and $6,526.15 in audit fees.

Therefore, the Court concludes that Plaintiffs have met their burden of establishing a valid basis for the damages, and that default judgment against Defendant Valerino, awarding Plaintiffs $122,900.69 in damages, is appropriate.[6]

### 2. Attorney's and Paralegal Fees and Costs

Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to attorney's fees and costs incurred in collecting the amounts that Defendants owe them.[7] However, the Court may award only reasonable fees, to be determined, among other things, based on a reasonable hourly rate. *See, e.g., Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4; *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186-90 (2d Cir. 2008) (noting that the district court has "considerable discretion" in determining the presumptively reasonable fee, but that it should

---

[6] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

[7] 29 U.S.C. § 1132(g)(2) provides, in pertinent part, as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . .

"bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate").

Plaintiffs seek attorneys' fees at the rate of $235.00 per hour for the work that their attorneys performed in this action during 2008, $247.00 per hour for the work that their attorneys performed in this action during 2009, and $252.00 per hour for the work their attorneys performed in this action during 2010.  (Dkt. No. 23, Attach. 31, at 37.)  In addition, Plaintiffs seek fees for the work that two paralegals performed in this action at the rate of $128.00 per hour for their work in 2008, $134.00 per hour for their work in 2009, and $137.00 per hour for their work in 2010.  (*Id.*)  Based on these rates, Plaintiffs seek attorney's fees in the amount of $23,994.48.  (*Id.*)[8]  Finally, Plaintiffs seek costs in the amount of $ 3,556.48.  (*Id.*)

In *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, a case that is factually similar to the current action,[9] Senior United States District Judge Frederick J. Scullin, Jr., of this District, analyzed recent ERISA collection actions as well as the *Johnson* factors, and determined the reasonable hourly rates for attorneys and paralegals in ERISA collection actions in the Northern District of New York.[10]  More specifically, Judge

---

[8]  As evidence that this amount is justified, Plaintiffs have submitted the contemporaneous time records of their attorney and the paralegals who worked on this matter.

[9]  It is worth noting that Plaintiff's counsel in the current action was the plaintiff's counsel in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*.

[10]  The *Johnson* factors include the following: "(1) [t]he time and labor required[;] . . . (2) [t]he novelty and difficulty of the questions[;] . . . (3) [t]he skill requisite to perform the legal service properly[;] . . . (4) [t]he preclusion of other employment by the attorney due to acceptance of the case[;] . . . (5) [t]he customary fee[;] . . . (6) [w]hether the fee is fixed or contingent[;] . . . (7) [t]ime limitations imposed by the client or the circumstances[;] . . . (8) [t]he amount involved and the results obtained[;] . . . (9) [t]he experience, reputation, and ability of the

8

Scullin concluded "that the reasonable hourly rate for an attorney . . . in this community who litigates cases such as this one, particularly where Defendant has defaulted, is $210.00 . . . [and] the reasonable hourly rate for the work of paralegals . . . is $80 per hour. *Id*. at *18-19.[11] This Court adopts the conclusion reached by Judge Scullin.[12] Therefore, the Court finds that Plaintiffs' attorney is entitled to the rate of $210.00 per hour and a rate of $80 per hour for any work done by a paralegal.

In addition, as in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, the Court questions whether some of the entries in the records that Plaintiffs submitted are related to this action or whether they are related to other actions involving the same parties. By way of example, the Court is concerned with the following entries:

| Date | Employee | Hours | Amount | Description |
|------|----------|-------|--------|-------------|
| 12/29/2008 | JAC | 0.40 | 94.00 | Drafted letter to Monroe County Water Authority providing breakdown of monies due on defendants' Spencerport and Irondequoit Water Main Projects; Drafted letter to Attorney Agostinelli advising of monies due on defendants' Walmart job and requesting payment and advising of audit status |

---

attorneys[;] . . . (10) [t]he 'undesirability' of the case[;] . . . (11) [t]he nature and length of the professional relationship with the client[;] . . . [and] (12) [a]wards in similar cases." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[11]  The Court notes that Plaintiffs counsel's submitted affidavits in both *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds* and the current case which are almost identical.

[12]  In doing so, the Court notes that (1) the records that Plaintiff's counsel provided in that case involved an overlap in time period with the records provided in this case, and (2) this action was filed within approximately three months of the Decision and Order issued in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*.

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 3/18/2009 | LLD | 0.25 | 33.50 | Drafted Release and Partial Assignment on the Walmart project |
| 4/02/2009 | AAR | 0.75 | 100.50 | Drafted Penn Yan bond foreclosure Summons and Complaint, Index Number Application and Certificate of Service; Prepared project chart |
| 4/06/2009 | JAC | 0.20 | 49.40 | Communicated with Attorney Lankford regarding settlement of action and terms of settlement |

These are only a few examples of the entries that the Court finds questionable. Furthermore, some entries appear to include some tasks that are related to this action and other tasks that are not. In light of the problems with these time records, the Court is unable to determine the number of hours that Plaintiffs' attorney and the paralegals expended on this matter. Therefore, the Court denies Plaintiffs' request for attorney's fees without prejudice and directs the Plaintiffs' counsel to file contemporaneous time records that accurately reflect the amount of time expended on this matter.

Plaintiffs are also entitled to recover the costs associated with this litigation, including copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with services of the summons and complaint, and computer research costs. In their submission, Plaintiffs state that they have expended $3,556.48 on such items. The Court, however, is hesitant to award costs for these items because it suspects that these items may suffer from the same problem as the contemporaneous time records.[13] Therefore, the Court denies Plaintiffs'

---

[13] For example, Plaintiffs seek reimbursement for the $420.00 they expended for "Index Numbers," which are not required in this Court. *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *7. In addition, although Plaintiff has turned in similar complaints and memoranda of law in other cases in which they have already been awarded "Computer Research" fees, *see Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund v. Ne. King Constr., Inc.*, 06-CV-0806, 2009 WL 1706586 (N.D.N.Y. June 16, 2009) (Kahn, J.); *Iron Workers Local 12 Pension Fund v. Catskill Mountain Mech., LLC*, 07-CV-0437, 2008 WL 4449326 (N.D.N.Y. Sep 24, 2008)

10

request for costs without prejudice and directs Plaintiffs' counsel to file a document that accurately depicts the expenses incurred in this matter.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for entry of partial default judgment against Defendant Valerino with regard to Plaintiffs' First, Second, Fourth and Fifth Causes of Action (Dkt. No. 23) is **GRANTED with respect to liability**; and it is further

**ORDERED** that Plaintiffs' motion for entry of a default judgment against Defendant Valerino with regard to Plaintiffs' First, Second, Fourth and Fifth Causes of Action (Dkt. No. 23) is **DENIED without prejudice with respect to damages**; and it is further

**ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiffs' counsel shall file documentation, including contemporaneous time records and expense calculations, that accurately reflect the hours that Plaintiffs' counsel and the paralegals expended on this action and the expenses incurred herein;[14] and it is further

**ORDERED** that the Court shall retain jurisdiction in this matter to enter judgment against Defendant Western New York Contractors, Inc. in the event that its Chapter 7 bankruptcy proceeding is dismissed or closed by the Bankruptcy Court.

Date:   July 2, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

(Treece, M.J.), Plaintiff seeks reimbursement for the $238.83 expended on "Computer Research" in this action.

[14]   Once the Court has had an opportunity to review Plaintiffs' counsel's submission with regards to attorney's fees and costs, it will calculate the appropriate attorney's fees award and, at that time, will enter final judgment for the total amount that Defendants owe Plaintiffs with respect to Plaintiffs' First, Second, Fourth and Fifth Causes of Action, including unpaid contributions, interest on unpaid contributions, liquidated damages, and audit costs in the amount of $122,900.69.