UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ENGINEERS JOINT WELFARE FUND, by Daniel P. Harrigan, as Administrator; ENGINEERS JOINT PENSION FUND, by Daniel P. Harrigan, as Administrator; ENGINEERS JOINT SUPPLEMENTAL UNEMPLOYMENT FUND, by Daniel P. Harrigan, as Administrator; ENGINEERS JOINT TRAINING FUND, by Daniel P. Harrigan, as Administrator; OPERATING ENGINEERS LOCAL 17 TRAINING FUND, by James Smolinski, as Administrator; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by Michael R. Fanning, as Chief Executive Officer; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 17, by Alan Pero, as International Representative; INTERNATIONAL UNION OF OPERATING ENGINEERS; LOCAL UNION NO. 545, by Theron Hogle, as Business Manager; and INTERNATIONAL UNION OPERATING ENGINEERS, LOCAL UNION NO. 832, by Thomas E. Charles, as Business Manager, | 5:09-CV-0417 (GST/DEP) |

          Plaintiffs,

v.

WESTERN NEW YORK CONTRACTORS, INC.; and
ROBERT A. VALERINO, Individually and as an Officer
of Western New York Contractors, Inc.,

         Defendants,
_____

| | |
|---|---|
| APPEARANCES: | OF COUNSEL: |
| BLITMAN & KING, LLP<br> Counsel for Plaintiffs<br>Franklin Center, Suite 300<br>443 North Franklin Street<br>Syracuse, NY 13204 | JENNIFER A. CLARK, ESQ. |

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

Currently before the Court in the above-captioned action are (1) Plaintiffs' motion for partial reconsideration of this Court's Decision and Order of July 2, 2010 ("July Order"), and (2) their renewed motion for attorney's fees and costs.[1]  For the reasons set forth below, Plaintiffs' motion for reconsideration is denied; and their renewed motion for attorney's fees and costs in granted in part and denied in part.

**I.     MOTION FOR PARTIAL RECONSIDERATION**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). As an initial matter, the Court notes that the July Order was entered on July 2, 2010, and Plaintiffs filed their motion for reconsideration on July 27, 2010.  Plaintiffs' motion is therefore denied as untimely.  *See* N.D.N.Y. L.R. 7.1(g) ("Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.").

In any event, even if the Court were to consider the merits of Plaintiffs' motion for reconsideration, the Court would deny that motion as without cause.  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A district court may, however, properly reconsider its previous ruling if (1) there is an intervening change in the

---

[1] Among other things, the July Order denied Plaintiffs' request for attorney's fees without prejudice and directed Plaintiffs' counsel to produce, within thirty days, documentation, including contemporaneous time records and expense calculations, that accurately reflect the hours expended in this action. *Eng'r Joint Welfare Fund v. Western N.Y. Contractors, Inc.*, 09-CV-0417, 2010 WL 2682224, at *3-5 (N.D.N.Y. July 2, 2010) (Suddaby, J.).  The Court also determined that the appropriate attorney and paralegal hourly rate in an ERISA collection action is $210 and $80, respectively. *Eng'r Joint Welfare Fund*, 2010 WL 2682224, at *4.

controlling law, (2) new evidence not previously available comes to light, or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Stewart Park & Res. Coalition, Inc. v. Slater*, 374 F. Supp.2d 243, 253 (N.D.N.Y. 2005) (Treece, M.J.).

Here, Plaintiffs have failed to establish the existence of any of the above factors. Instead, in Plaintiffs' memorandum of law,[2] they merely attempt to relitigate certain points that this Court previously decided in the July Order.[3] For each of these two alternative reasons, Plaintiffs' motion for reconsideration is denied.

## II.  RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS

### A.  Number of Hours Reasonably Expended on this Action

In the July Order, the Court refused to award Plaintiffs' attorney's fees because "some [billing] entries appear[ed] to include some tasks that are related to this action and other tasks that are not[, and] [i]n light of th[is] problem[] . . . , the Court [wa]s unable to determine the number of hours that Plaintiffs' attorney and the paralegals expended on this matter." *Eng'r Joint Welfare Fund*, 2010 WL 2682224, at *4. As noted above, Plaintiffs' have since submitted documentation in an effort to address this issue.

Upon review of Plaintiffs' counsel's billing statements, the Court finds, as it previously found in its July Order, that certain time entries recorded by both counsel and counsel's paralegals are for hours spent on matters unrelated to this ERISA action. By way of example, the Court points to the following entries:

---

[2] Plaintiffs' memorandum of law in support of their motion for reconsideration does not include a table of contents, which is required under the Local Rules of Practice for this Court. *See* N.D.N.Y. L.R. 7.1(a).

[3] The Court notes that parts of Plaintiffs' argument in their memorandum of law in support of their motion for reconsideration are identical and copied verbatim from arguments previously raised in their memorandum of law in support of their motion for default judgment.

| Date | Employee | Hours | Amount | Description |
|---|---|---|---|---|
| 12/29/2008 | JAC | 0.40 | 94.00 | Drafted letter to Monroe County Water Authority providing breakdown of monies due on defendants' Spencerport and Irondequoit Water Main Projects; Drafted letter to Attorney Agostinelli advising of monies due on defendants' Walmart job and requesting payment and advising of audit status |
| 3/18/2009 | LLD | 0.25 | 33.50 | Drafted Release and Partial Assignment on the Walmart project |
| 4/02/2009 | AAR | 0.75 | 100.50 | Drafted Penn Yan bond foreclosure Summons and Complaint, Index Number Application and Certificate of Service; Prepared project chart |
| 4/06/2009 | JAC | 0.20 | 49.40 | Communicated with Attorney Lankford regarding settlement of action and terms of settlement |

This action centers on Defendants' violation of multiple provisions of ERISA through their failure to, *inter alia*, (1) make contributions to certain multi-employer plans, (2) pay monies to the Union deducted from each employee's wages, (3) pay liquidated damages and interest due as a result of their failure to make timely contributions and deductions, and (4) remit contributions and deductions with regard to hours worked on labor projects by covered employees. (*See generally*, Dkt. No. 1.) The action was commenced on April 8, 2009. (Dkt. No. 1.) Therefore, with regard to expenses incurred prior to commencement of the action, Plaintiffs would ordinarily only be entitled to recover pre-investigation expenses related to this action (i.e., expenses associated with determining the debt owed, the person or persons responsible for the obligation, and that person or persons' whereabouts). *See, e.g., Lake v. Schoharie County Com'r of Soc. Serv.*, 01-CV-1284, 2006 WL 1891141, at *8 (N.D.N.Y. May 16, 2006) (Peebles, M.J.).

However, the trust agreement executed between Plaintiffs and Defendants provides, among other things, that Plaintiffs "impose and receive from [Defendants] all costs, audit expenses and attorneys fees incurred by the Trustees in enforcing the provisions [in the agreement], whether by litigation or otherwise." (Dkt. No. 23, Attach. 7, at 9.) One of the provisions in the agreement provides that Defendants have an obligation to make certain contributions and deductions. (*Id*. at 8-9.) A separate provision provides that the Trustees may take whatever steps they determine to be in the best interest of the fund for the purpose of collecting such payments. (*Id*. at 9.) Based on these provisions in the trust agreement, the Court concludes that Plaintiffs are entitled to recover the fees associated with the above-described debt collection actions (and other similar actions taken by Plaintiffs' attorney prior to commencing this action), despite the fact that such actions are arguably unrelated to this ERISA action.

Having said that, certain of Plaintiffs' counsel's billing entries are vague, and/or clustered in a manner that renders it impossible for the Court to determine how much time was spent on what activity. For example, Plaintiffs' counsel billed Plaintiffs for 4.5 hours of paralegal time spent doing the following: (1) drafting a notice of a motion for default judgment; (2) drafting a proposed order granting default judgment; and (3) preparing three affidavits and gathering related exhibits in support of the motion for default judgment. (Dkt. No. 26, Attach. 3, at 20.)

The Court raises this issue because it is not clear how many hours Plaintiffs' counsel has billed for work related to preparing a memorandum of law, notice of motion, proposed order, and attorney affidavit, all of which are almost verbatim to materials submitted by Plaintiffs' counsel in similar ERISA actions filed in this Court. *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.); *Cent. New York Laborers' v. Five Star Constr.*

5

*Serv., Inc.*, 09-CV-0509, 2010 WL 2545151 (N.D.N.Y. June 18, 2010) (Suddaby, J.).  At a minimum, it appears that Plaintiffs' counsel has billed 5.5 paralegal hours for this time.  (Dkt. No. 26, Attach. 3, at 20-25.)  In addition, Plaintiffs' counsel billed Plaintiffs 0.6 attorney hours for researching issues such as "lodestar rate for community and ERISA action," and "recovery of fees and costs under ERISA for services to collect delinquencies in violation of contract."  (*Id*. at 19.)  The Court, however, notes that Plaintiffs' counsel previously addressed (and billed for) these same issues in *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds* and *Cent. New York Laborers'*.[4]

Time records should enable the court to determine the nature of the tasks performed and the amount of time reasonably required to perform those tasks.  *Mr. X. v. New York State Educ. Dept.*, 20 F. Supp.2d 561, 564 (S.D.N.Y. 1998).  Moreover, an attorney is not entitled to be compensated twice for the same work.  For these reasons, the Court finds that a reduction in the amount of time billed by Plaintiffs' counsel to Plaintiffs of 0.6 hours in attorney work and 1 hour in paralegal work is appropriate.  *See Gatti v. Community Action Agency of Greene County, Inc.*, 263 F. Supp.2d 496, 518 (N.D.N.Y. 2003) (Treece, M.J.) (noting that the district court is embodied with broad discretion to independently review and assess the reasonableness of the hours worked by attorneys, and it is well-settled that case law disallows fee requests for hours that are "excessive, redundant, or otherwise unnecessary").

**B.     Fee Amount Due to Plaintiffs for Attorney's Fees**

Plaintiffs' counsel has submitted a billing statement for expenses amounting to $23,994.48. (Dkt. No. 26, Attach. 3.)  This amount, however, includes attorney and paralegal fees that were based on unreasonable rates, and 1.6 hours for services performed that appear to

---

[4]     The Court notes also that the Complaint in *Cent. New York Laborers'* was not filed until after this research was done in this case.

be duplicative. Therefore, the Court adjusts Plaintiffs' fee request by first calculating the lodestar figure (using the reasonable rates previously determined in the July Order), and then subtracting 0.6 hours worth of attorney work and 1 hour worth of paralegal work from that figure to account for the excessive and/or vague time entries.

In computing the lodestar figure, the Court multiplies the amount of hours that counsel and counsel's paralegals expended on this case by the reasonable hourly rates for ERISA actions in this district (previously determined to be $210.00 per hour for an attorney and $80 per hour for a paralegal). *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4. In doing so, the Court arrives at a figure of $18,784.40.[5] As a result, and after making the reduction for deficiencies in the billing statements, the total amount due to Plaintiffs for attorney's fees is $18,578.40.[6]

### C.     Fee Amount Due to Plaintiffs for Costs

In the July Order, the Court noted that Plaintiffs are entitled to recover the costs associated with this litigation, including copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with services of the summons and complaint, and computer research costs. (Dkt. No. 25.) However, the Court denied Plaintiffs' request for costs without prejudice and directed them to file documentation that accurately depicts the expenses associated with this action. *Eng'r Joint Welfare Fund*, 2010 WL 2682224, at *4.

Plaintiffs have submitted additional documentation in an effort to address this issue. (Dkt. No. 26, Attach. 4.) While these records are far from a model of clarity, the Court is able to

---

[5] Plaintiffs' counsel's total billed hours (72.04) multiplied by $210 equals $15,128.40, and counsel's paralegals' total billed hours (45.70) multiplied by $80 equals $3,656.00, and $15,128.40 plus $3,656.00 equals $18,784.40.

[6] $210 multiplied by 0.6 equals $126, and $126 plus $80 equals $206, and $18,784.40 minus $206.00 equals $18,578.40.

determine how Plaintiffs' counsel arrived at the amounts requested. Simply put, the Court is satisfied that the records provide, in sufficient detail, the various costs expended by Plaintiffs' counsel related to counsel's efforts to recover Plaintiffs' debts. (*Id*.) As a result, the Court awards Plaintiffs the requested fee amount of $3,556.48.

### III.  DAMAGES

In its July Order, the Court concluded that "Plaintiffs have met their burden of establishing a valid basis for the damages [with respect to Plaintiffs' First, Second, Fourth and Fifth Causes of Action against Defendant Valerino], and that default judgment against Defendant Valerino, awarding Plaintiffs $122,900.69 in damages, is appropriate." *Eng'r Joint Welfare Fund*, 2010 WL 2682224, at *3. However, the Court refrained from "enter[ing] final judgment for the total amount that Defendant[] [Valerino] owe[s] Plaintiffs [on those causes of action] . . . in the amount of $122,900.69" until the Court had "an opportunity to review Plaintiffs' counsel's submission with regards to attorney's fees and costs, [and] . . . calculate the appropriate attorney's fees award." *Id*. at *5, n.14 [emphasis removed]. Because the Court has now had the opportunity to calculate the appropriate attorney's fees and costs (*see supra*, Parts II.B. and II.C. of this Decision and Order), the Court enters final judgment for Plaintiffs against Defendant Valerino on Plaintiffs' First, Second, Fourth and Fifth Causes of Action in the total amount of $145,035.57, which is derived from adding together the damages award of $122,900.69, the attorney's fees award of $18,578.40, and the costs award of $3,556.48.

### IV.  RETENTION OF JURISDICTION

As explained in the Court's July Order, "the Court shall retain jurisdiction in this matter to enter judgment against Defendant Western New York Contractors, Inc., in the event that its Chapter 7 bankruptcy proceeding is dismissed or closed by the Bankruptcy Court." *Eng'r Joint Welfare Fund*, 2010 WL 2682224, at *5. More specifically, the Court shall retain jurisdiction in

8

this action until ninety (90) days after the referenced Chapter 7 bankruptcy proceeding is dismissed or closed by the Bankruptcy Court, or the automatic stay is lifted.[7] Within that ninety-day period, Plaintiffs may move to reopen this action as against Defendant Western New York Contractors, Inc.  Otherwise, Plaintiffs must pursue any remedies available to them as against Defendant Western New York Contractors, Inc., through the filing of a separate action.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for partial reconsideration (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that Plaintiffs motion for attorney's fees is **GRANTED** in part and **DENIED** in part, such that Defendant Valerino owes Plaintiffs a total of **EIGHTEEN THOUSAND FIVE HUNDRED SEVENTY-EIGHT DOLLARS AND FORTY CENTS ($18,578.40)** in attorney's fees, and **THREE THOUSAND FIVE HUNDRED FIFTY-SIX DOLLARS AND FORTY-EIGHT CENTS ($3,556.48)** in costs; and it is further

**ORDERED** that Plaintiffs' motion for entry of a default judgment against Defendant Valerino with regard to Plaintiffs' First, Second, Fourth and Fifth causes of action (Dkt. No. 15) is **GRANTED with respect to damages**, in the amount of **ONE HUNDRED TWENTY-TWO THOUSAND NINE HUNDRED DOLLARS AND SIXTY-NINE CENTS ($122,900.69)**; and it is further

---

[7] The Court's rationale for the limited duration of its retention of jurisdiction is that, if within the referenced ninety-day period, Plaintiffs have made no effort to pursue their claims against Defendant Western New York Contractor, Inc., in this action, Plaintiffs can, and would, be deemed to have failed to diligently prosecute those claims for purposes of Fed. R. Civ. P. 41(b), based on a balancing of the five factors described by the Second Circuit in *Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008).

**ORDERED** that the Clerk's Office is directed to enter Final Judgment for Plaintiffs against Defendant Valerino in the amount of **ONE HUNDRED TWENTY-TWO THOUSAND NINE HUNDRED DOLLARS AND SIXTY-NINE CENTS ($122,900.69) in damages; and EIGHTEEN THOUSAND FIVE HUNDRED SEVENTY-EIGHT DOLLARS AND FORTY CENTS ($18,578.40)** in attorney's fees, and **THREE THOUSAND FIVE HUNDRED FIFTY-SIX DOLLARS AND FORTY-EIGHT CENTS ($3,556.48)** in costs for a total amount of **ONE HUNDRED FORTY-FIVE THOUSAND THIRTY-FIVE DOLLARS AND FIFTY-SEVEN CENTS ($145,035.57)**, and close this action; and it is further

**ORDERED** that the Court shall retain jurisdiction in this action until **NINETY (90) DAYS** after the referenced Chapter 7 bankruptcy proceeding is dismissed or closed by the Bankruptcy Court, or the automatic stay is lifted.  Within that ninety-day period, Plaintiffs may move to reopen this action as against Defendant Western New York Contractors, Inc. Otherwise, Plaintiffs must pursue any remedies available to them as against Defendant Western New York Contractors, Inc., through the filing of a separate action.

Dated: January 19, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge