UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ENG'RS JOINT WELFARE FUND, by Daniel P.
Harrigan, as Adm'r, *et al.*,

                          Plaintiffs,         5:09-CV-0417
                                        (GTS/DEP)
v.

W. NEW YORK CONTRACTORS, INC., *et al.*,

                          Defendants,
_____

APPEARANCES:                                   OF COUNSEL:

BLITMAN & KING, LLP                     JENNIFER A. CLARK, ESQ.
  Counsel for Plaintiffs
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, NY 13204

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

     Currently before the Court in the above-captioned action is Plaintiffs' motion for reconsideration of the Court's Order of January 19, 2011, denying their renewed motion for attorneys' fees and costs. (Dkt. No. 30.) Plaintiffs' motion is denied for each of three alternative grounds. First, the motion is unsupported by a memorandum of law, in violation of Local Rule 7.1(a)(1). Second, the motion contains an affidavit that improperly contains legal argument, in violation of Local Rule 7.1(a)(2). Third, the motion fails to show that (1) there has been an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct a clear error of law or to prevent manifest injustice.

With regard to the third above-described ground for denial, the Court would add four points in response to arguments asserted by Plaintiffs in their motion.

First, contrary to Plaintiffs' arguments, the Court properly construed Plaintiffs' motion of July 27, 2010, as one that, in part, sought reconsideration of the Court's Decision and Order of July 2, 2010. (Dkt. Nos. 28, 26, 25.) Plaintiffs' motion was repeatedly labeled and characterized as a motion for "reconsideration." (*See generally* Dkt. No. 26.)[1] More importantly, part of it challenged the findings of law rendered by the Court in its Decision and Order of July 2, 2010. (*Id.*) The Court notes that, in its Decision and Order of July 2, 2010, it never granted Plaintiffs 30 days leave to submit a motion for reconsideration--only a renewed motion for attorneys' fees and costs supported by "documentation, including contemporaneous time records and expense calculations, that accurately reflect the hours that Plaintiffs' counsel and the paralegals expended on this action and the expenses incurred herein." (Dkt. No. 25, at 10-11 & n.14.) While Plaintiffs were of course free to challenge the findings of law rendered by the Court, the vehicle for such a challenge is a motion for reconsideration, which is governed by a 14-day deadline, for purposes of finality. In any event, the Court notes that, out of solicitude to Plaintiffs, the Court liberally construed Plaintiffs' submission as also containing a renewed motion for attorney's fees and costs. (Dkt. No. 28, at 3-10.)

Second, contrary to Plaintiffs' arguments, it is a party's duty, not the Court's duty, to ensure that the party's motion papers show cause for the relief requested. Plaintiffs blame the Court for not doing the following three things in its Decision and Order of July 2, 2010: (1)

---

[1] Of course, it is the duty of a party to cite the rule or statute upon which its motion is based. N.D.N.Y. L.R. 7.1(a)(1); *cf.* Fed. R. Civ. (a)(1)(B).

2

"advis[ing] [them] that it considered [their time] entries 'vague'"; (2) "advis[ing] [them] of how it considered the entries 'vague'"; and (3) "advis[ing] [them] . . .that 'clustered' entries were improper." (Dkt. No. 30, Attach. 1, at ¶ 4.) Setting aside the fact that the Court *sua sponte* granted Plaintiffs leave to renew their motion out of solicitude to them, the Court (in its Decision and Order of July 2, 2010) cited four examples of time entries that the Court found "questionable" because they appeared to be "related to other actions involving the same parties." (Dkt. No. 25, at 9-10 & n.12.) The Court further explained that "some entries appear to include some tasks that are related to this action and other tasks that are not." (Dkt. No. 25, at 10.) Finally, the Court twice stated that it was only describing "example[s]" of the deficiencies in Plaintiffs' time records. (*Id*. at 9-10.) Based on the language in the cited entries, and the Court's explanation, the Court finds that Plaintiffs were sufficiently notified of the defects in question. In any event, even if that were not the case, it is not the Court's duty to point out every alternative ground for finding a party's motion papers insufficient to show cause for the relief requested therein. Nor is the Court's function to articulate in painstaking detail every conceivable flaw in a party's motion papers. If a party wishes to seek clarification of a decision, there is a procedural mechanism for doing so. Simply stated, it is at all times a *party's* duty to submit motion papers supported by a showing of cause. *See, e.g.,* Fed. R. Civ. P. 7(b)(1)(B) (requiring that a motion "state with particularity the grounds for seeking the order"); N.D.N.Y. L.R. 7.1(a)(2) (requiring that a motion be accompanied by an affidavit that "supports" the motion).[2]

---

[2] *Cf. Cooper Indus., Inc. v. Agway, Inc.*, 987 F. Supp. 92, 100 (N.D.N.Y. 1997) (McAvoy, J.) ("Local Rule 7.1(b)(3) places the responsibility of making a good cause showing on the party seeking to file untimely papers. If PTM is suggesting that courts must conduct an inquiry, such as holding a hearing, prior to deciding whether to accept or reject untimely papers, PTM is wrong.").

Third, to the extent that Plaintiffs' motion challenges the Court's review of the affidavit submitted by Plaintiffs on March 18, 2010 (*see, e.g.,* Dkt. No. 30, Attach. 1, at ¶ 5), that challenge constitutes an untimely motion to reconsider the Court's Decision and Order of July 2, 2010, which rendered a decision based (in part) on that affidavit. (Dkt. No. 25, at 7-11 & n.11.) To the extent that Plaintiffs' motion challenges the Court's use of a hourly rate of $210, that challenge is essentially an untimely motion to reconsider the Court's Decision and Order of July 2, 2010, which found that rate to be appropriate. (Dkt. No. 25, at 8-9.) The Court notes that, in its Decision and Order of January 19, 2011, it was merely applying the $210 hourly rate to the new evidence adduced, not redetermining the proper hourly rate. (Dkt. No. 28, at 3-10 & n.1; *cf.* Dkt. No. 25, at 11 & n.14.)

Finally, the fact that counsel's time entries are sufficient for Plaintiffs does not control whether those time entries are sufficient for purposes of a motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2). Again, it is Plaintiffs' duty to submit whatever they need to submit in order to show cause for the granting of their motion. The Court has in no way departed from controlling law, nor does it have a duty to issue an advisory opinion to party as to what will suffice in terms of showing cause for the granting of its motion. The Court notes that, with regard to the "double recovery issue," if Plaintiffs are asserting that their counsel charged them only for Plaintiffs' share of research performed for several actions, Plaintiffs should have stated that fact (along with the total amount of time spent and the method by which Plaintiffs' share was calculated) in their renewed motion for attorneys' fees and costs–in which case the Court could have determined if the time spent and/or share allocated were excessive for purposes of their motion.

4

    **ACCORDINGLY**, it is

    **ORDERED** that Plaintiffs' motion for reconsideration (Dkt. No. 30) is **DENIED**.

Dated: February 28, 2011
       Syracuse, New York

                                            Hon. Glenn T. Suddaby
                                            U.S. District Judge